UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Pedro J. Guerrero,
Victor H. Sosa,
and other similarly situated individuals,

    Plaintiffs,

v.

Vinnie's Auto Collision Center, Inc.,
and Vincent Terdoslavich, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

COME NOW the Plaintiffs Pedro J. Guerrero and Victor H. Sosa, by and through the undersigned counsel, and hereby sue Defendants Vinnie's Auto Collision Center, Inc., and Vincent Terdoslavich, individually, and alleges:

1. This is an action to recover money damages for unpaid half-time overtime under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiffs Pedro J. Guerrero and Victor H. Sosa are residents of Manatee County, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Vinnie's Auto Collision Center, Inc., is a Florida corporation that operates in Sarasota, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. Defendant Vinnie's Auto Collision Center, Inc., hereinafter, will be called Vinnie's Collision Center, or Defendant. Defendant is engaged in interstate commerce.

5. Individual Defendant Vincent Terdoslavich is the owner/partner/officer and manager of Defendant Corporation Vinnie's Collision Center. This individual Defendant is the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Sarasota County, Florida, within the jurisdiction of this Court.

## Factual Allegations

7. This cause of action is brought by Plaintiffs as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor

Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees similarly situated to Plaintiffs ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after August 2019 (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

8. Defendant Vinnie's Collision Center is an auto repair body center located at 23347 17TH Street, Sarasota, Florida 34234, where the Plaintiffs worked.

9. Defendant Vinnie's Collision Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an auto body repair center. Defendant had more than two employees recurrently engaged in commerce or producing goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce

by handling and working on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

11. Defendants Vinnie's Collision Center and Vincent Terdoslavich employed Plaintiffs Pedro J. Guerrero and Victor H. Sosa as non-exempted, full-time collision repair technicians.

12. Defendants Vinnie's Collision Center and Vincent Terdoslavich employed Plaintiff Pedro J. Guerrero from September 01, 2021, to June 30, 2022, or 43 weeks.

13. Defendants Vinnie's Collision Center and Vincent Terdoslavich employed Plaintiff Victor H. Sosa from March 17, 2016, to July 22, 2022, or more than six years. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks.

14. During their relevant time of employment, Plaintiffs Pedro J. Guerrero and Victor H. Sosa worked a similar schedule, more than 40 hours weekly, but both Plaintiffs were not paid for overtime hours, as required by the FLSA.

15. **A.- Claim of Plaintiff Pedro J. Guerrero.-** Plaintiff worked for Defendants for a total of 43 weeks.

16. Plaintiff was a collision repair technician. During his employment with Defendants, Plaintiff was paid in a single week at two different rates.

    Plaintiff was paid $18.00 an hour when repairing rental cars and $21.00 an hour when repairing vehicles covered by regular insurance.

17. Plaintiff worked six days per week from Monday to Saturday, a minimum average of 12 hours daily, or 72 hours weekly. Plaintiff has deducted 3 hours of lunchtime per week.

18. Plaintiff was paid for all his working hours, but at his regular rate. Plaintiff was not paid for overtime hours.

19. Plaintiff resigned from his position on or about June 30, 2022.

20. **B.- Claim of Plaintiff Victor H. Sosa.-** Plaintiff worked for Defendants for more than six years, but his relevant time of employment is 151 weeks. Plaintiff was a collision repair technician. During his employment with Defendants, Plaintiff was paid in a single week at two different rates. Plaintiff was paid $18.00 an hour when repairing rental cars and $21.00 an hour when repairing vehicles covered by regular insurance.

21. Plaintiff worked six days per week from Monday to Saturday, a minimum average of 12 hours daily, or 72 hours weekly. Plaintiff has deducted 3 hours of lunchtime per week.

22. Plaintiffs Pedro J. Guerrero and Victor H. Sosa were paid for an average of 72 hours weekly but at their regular rate. Plaintiffs were not paid for overtime hours.

23. Plaintiffs did not clock in and out, but Defendants could keep track of the hours worked by Plaintiffs and other similarly situated individuals. The Plaintiffs worked under the supervision of the business owner, Vincent Terdoslavich.

24. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

25. Plaintiffs were paid weekly by direct deposit, without paystubs reflecting the number of days and hours worked, wage rate paid, etc.

26. Plaintiffs Pedro J. Guerrero and Victor H. Sosa seek to recover half-time overtime hours, liquidated damages, as well as any other relief as allowable by law.

27. Plaintiffs Pedro J. Guerrero and Victor H. Sosa have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

## Collective Action Allegations

28. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

30. This action is intended to include every auto body repair technician and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

31. Plaintiffs Pedro J. Guerrero and Victor H. Sosa re-adopt every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. This action is brought by Plaintiffs Pedro J. Guerrero and Victor H. Sosa and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at

a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants Vinnie's Collision Center and Vincent Terdoslavich employed Plaintiffs Pedro J. Guerrero and Victor H. Sosa as non-exempted, full-time collision repair technicians.

34. Defendants Vinnie's Collision Center and Vincent Terdoslavich employed Plaintiff Pedro J. Guerrero from September 01, 2021, to June 30, 2022, or 43 weeks.

35. Defendants Vinnie's Collision Center and Vincent Terdoslavich employed Plaintiff Victor H. Sosa from March 17, 2016, to July 22, 2022, or more than six years. However, for FLSA purposes, Plaintiff's relevant time of employment is 151 weeks.

36. During their relevant time of employment, Plaintiffs Pedro J. Guerrero and Victor H. Sosa worked a similar schedule, more than 40 hours weekly, but both Plaintiffs were not paid for overtime hours, as required by the FLSA.

37. Plaintiffs Pedro J. Guerrero and Victor H. Sosa worked as collision repair technicians. During their time of employment with Defendants, Plaintiffs were paid in a single week at two different rates. Plaintiffs were paid $18.00 an hour when repairing rental cars and $21.00 an hour when repairing vehicles covered by regular insurance.

38. Plaintiffs worked six days per week from Monday to Saturday, a minimum average of 12 hours daily, or 72 hours weekly. Plaintiffs have deducted 3 hours of lunchtime per week.

39. Plaintiffs were paid an average of 72 hours weekly, but at their regular rate. Plaintiffs were not paid for overtime hours.

40. Plaintiff resigned from their position on different dates, but for the same reason, extended working hours and lack of payment for overtime hours.

41. Plaintiffs did not clock in and out, but Defendants could keep track of the hours worked by Plaintiffs and other similarly situated individuals. The Plaintiffs worked under the supervision of the business owner, Vincent Terdoslavich.

42. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

43. Plaintiffs were paid weekly by direct deposit, without paystubs reflecting the number of days and hours worked, wage rate paid, etc.

44. The records, if any, concerning the number of hours worked by Plaintiffs and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However,

Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Plaintiffs are not in possession of time and payment records. Still, before the completion of discovery, they will provide a good faith estimate of unpaid overtime wages based on their best knowledge. Plaintiffs will adjust their statement of claim according to discovery.

47. **A.- Overtime Claim of Plaintiff Pedro J. Guerrero**

   a. Total amount of alleged unpaid O/T wages:

   Thirteen Thousand Four Hundred Sixteen Dollars and 00/100 ($13,416.00)

   b. Calculation of such wages:

   Total weeks of employment:  43 weeks
   Total relevant number of weeks: 43 weeks
   Total number of hours worked: 72 hours
   Total number of unpaid O/T hours: 32 O/T hours
   Rate Paid: $18.00 + $21=$39.00: 2= $19.50
   Weighted average rate: $19.50:2=$9.75
   Half-time: $9.75 an hour

$9.75 x 32 O/T hours = $312.00 weekly x 43 weeks= $13,416.00

48.  **<u>B.- Overtime claim of Plaintiff Victor H. Sosa</u>**

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Forty-Seven Thousand One Hundred Twelve Dollars and 00/100 ($47,112.00)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment:  more than six years
   Total relevant number of weeks: 151 weeks
   Total number of hours worked: 72 hours
   Total number of unpaid O/T hours: 32 O/T hours
   Rate Paid: $18.00 + $21=$39.00: 2= $19.50
   Weighted average rate: $19.50:2=$9.75
   Half-time: $9.75 an hour

   $9.75 x 32 O/T hours=$312.00 weekly x 151 weeks= $47,112.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

49. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provisions to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

50. At times mentioned, individual Defendant Vincent Terdoslavich was the owner/partner, and she directed operations of Vinnie's Collision Center. Defendant Vincent Terdoslavich was the employer of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Vinnie's Collision Center concerning its employees, including Plaintiffs and others similarly situated. Defendant Vincent Terdoslavich had financial and operational control of the business, provided Plaintiffs with their work schedule, and she is jointly and severally liable for Plaintiffs' damages.
51. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiffs and those similarly situated are entitled to recover double damages.
52. Defendants Vinnie's Collision Center and Vincent Terdoslavich willfully and intentionally refused to pay Plaintiffs Pedro J. Guerrero and Victor H. Sosa overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

53. Plaintiffs seek to recover unpaid overtime wages accumulated from their date of hiring to their last day of employment.
54. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiffs Pedro J. Guerrero, Victor H. Sosa, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Pedro J. Guerrero and Victor H. Sosa, and other similarly situated and against the Defendants Vinnie's Collision Center and Vincent Terdoslavich, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

Jury Demand

Plaintiffs Pedro J. Guerrero and Victor H. Sosa and those similarly situated demand trial by a jury of all issues triable as a right by jury.

Dated:  November 13, 2022

      Respectfully submitted,

      By: **/s/ Zandro E. Palma**
      ZANDRO E. PALMA, P.A.
      Florida Bar No.: 0024031
      9100 S. Dadeland Blvd.
      Suite 1500
      Miami, FL 33156
      Telephone:     (305) 446-1500
      Facsimile:      (305) 446-1502
      zep@thepalmalawgroup.com
      *Attorney for Plaintiffs*